# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| RAYMOND G. FARMER, in his capacity : | |
| As Liquidator of Consumers' Choice : | No. 17-363C |
| Health Insurance Company, et al., : | |
| : | Judge Campbell-Smith |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | |
| THE UNITED STATES OF AMERICA, : | |
| : | |
| Defendant. : | |

## THE UNITED STATES' MOTION TO STAY PROCEEDINGS, OR IN THE ALTERNATIVE, FOR AN ENLARGEMENT OF TIME

The United States respectfully moves the Court to stay this action pending a decision by the Federal Circuit in *Land of Lincoln Mutual Health Insurance Company v. United States*, No. 17-1224 (Fed. Cir.). Plaintiffs Raymond G. Farmer, in his capacity as Liquidator of Consumers' Choice Health Insurance Company, and Michael J. FitzGibbons, in his capacity as Special Deputy Liquidator of Consumers' Choice Health Insurance Company, (the "Liquidators") oppose this request.

In the alternative, pursuant to Rule 6(b), the United States requests a 60-day enlargement of time, up to and including July 17, 2017, in which to respond to the Complaint. The United States' response is currently due May 18, 2017. The United States has not previously requested an enlargement of time. Counsel for the Liquidators has stated that they consent to a 30-day extension, but not the requested 60-day extension.

### I.  Background

On March 17, 2017, the Liquidators filed this action seeking approximately $92 million in money damages under Section 1342 of the Patient Protection and Affordable Care Act

("ACA"), 42 U.S.C. § 18062, and 45 C.F.R. § 153.510(b), and for breach of contract and Takings. Docket No. 1. The United States' response to the Complaint is currently due on May 18, 2017.

This is the latest of 23 cases filed over the past year in this Court seeking relief under identical and related legal theories to those asserted by the Liquidators. *See Health Republic Ins. Co. v. United States*, No. 16-259C (Sweeney, J.);[1] *First Priority Life Ins. Co. v. United States*, No. 16-587C (Wolski, J.); *Blue Cross and Blue Shield of North Carolina v. United States*, No. 16-651C (Griggsby, J.); *Moda Health Plan, Inc. v. United States*, No. 16-649C (Wheeler, J.); *Land of Lincoln Mutual Health Ins. Co. v. United States*, No. 16-744C (Lettow, J.); *Maine Cmty. Health Options v. United States*, No. 16-967C (Merow, J.); *New Mexico Health Connections v. United States*, No. 16-1199C (Smith, J.); *BCBSM, Inc. v. United States*, No. 16-1253C (Coster Williams, J.); *Blue Cross of Idaho Health Service, Inc. v. United States*, No. 16-1384C (Lettow, J.); *Minuteman Health Inc. v. United States*, No. 16-1418C (Griggsby, J.); *Montana Health CO-OP v. United States*, No. 16-1427C (Wolski, J.); *Alliant Health Plans, Inc. v. United States*, No. 16-1491C (Braden, J.); *Neighborhood Health Plan, Inc. v. United States*, No. 16-1659C (Smith, J.); *Health Net, Inc. v. United States*, No. 16-1722C (Wolski, J.); *HPHC Insurance Co., Inc. v. United States*, No. 17-87C (Griggsby, J.); *Medica Health Plans v. United States*, No. 17-94C (Horn, J.); *Blue Cross and Blue Shield of Kansas City v. United States*, No. 17-95C (Braden, J.); *Molina Healthcare v. United States*, No. 17-97C (Wheeler, J.); *Blue Cross and Blue Shield of Alabama v. United States*, No. 17-347C (Campbell-Smith, J.); *BlueCross BlueShield of Tennessee, Inc. v. United States*, No. 17-348C (Horn, J.); *Sanford Health Plan v. United States*, No. 17-357C (Bruggink, J.).

---

[1] *Health Republic* – the first case – was filed on February 24, 2016.

These cases involve several technically-detailed provisions of the ACA and raise significant jurisdictional issues as well as complex issues of appropriations law. The undersigned counsel represents the United States in each of these cases, which implicate a total of $8.3 billion in the 2014 and 2015 benefit years.

On November 10, 2016, this Court entered the first decision in these cases in *Land of Lincoln*, in favor of the United States, and on November 15, 2016, Land of Lincoln filed a notice of appeal from that judgment. Briefing is expected to be complete by May 22, 2017.

Two other cases have reached the merits. In *Moda Health Plan*, the court granted partial summary judgment on liability for the plaintiff and subsequently entered final judgment, *Moda Health Plan, Inc. v. United States*, 130 Fed. Cl. 436 (2017) (Wheeler, J.), and on May 4, 2017, the United States filed a notice of appeal from that judgment. In *Blue Cross and Blue Shield of North Carolina*, the court dismissed the complaint on the ground that the government's implementation of the program is reasonable and consistent with the ACA. *Blue Cross and Blue Shield of North Carolina v. United States*, -- Fed Cl. --, 2017 WL 1382976 (April 18, 2017) (Griggsby, J.).

Dispositive motions have been fully briefed and are pending a decision in four other cases: *First Priority*, *Health Republic*, *Montana Health*, and *Maine Community Health Options*. *Health Republic* has been certified as a class action and cross-motions for summary judgment are pending. In addition, a stay has already been entered in nine other cases: *New Mexico Health Connections*, *Minuteman Health*, *BCBSM*, *Alliant Health Plans*, *Blue Cross of Idaho Health Service*, *Blue Cross and Blue Shield of South Carolina*, *Neighborhood Health Plan*, *Medica Health Plans*, and *Sanford Health Plan*.

## II. A Stay Is Proper and Will Conserve Substantial Resources

"It is well established that every trial court has the power to stay its proceedings, which is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Freeman v. United States*, 83 Fed. Cl. 530, 532 (2008) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "Moreover, when and how to stay proceedings is within the sound discretion of the trial court." *Id.* (citation and internal punctuation omitted). The Supreme Court has highlighted the conservation of judicial resources as an important reason for a trial court to stay proceedings in any matter pending before it, particularly where the appellate court may resolve issues before the trial court. *Landis*, 299 U.S. at 254-55; *UnionBanCal Corp. & Subsidiaries v. United States*, 93 Fed. Cl. 166, 167 (2010) ("The orderly course of justice and judicial economy is served when granting a stay simplifies the 'issues, proof, and questions of law which could be expected to result from a stay.'") (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Indeed, the Supreme Court also recognized that in cases of great complexity and significance, like the risk corridors issues in this case, "the individual may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted," especially where, as here, a decision by the Federal Circuit would "settle" and "simplify" the issues presented. *Landis*, 299 U.S. at 256.

Because the legal issues presented in this case mirror the issues raised in *Land of Lincoln*, and other earlier-filed cases, the further development of those cases on appeal will be instructive and potentially dispositive. A stay therefore will conserve judicial resources and the resources of

both parties by potentially reducing the amount of briefing of issues already pending before the Federal Circuit.

Accordingly, the United States seeks a time-limited, carefully-monitored stay pending further developments in the appeal in *Land of Lincoln*. Within 30 days of the disposition of the appeal in *Land of Lincoln*, the United States proposes that the parties submit a status report with the Court outlining next steps. Alternatively, the parties can submit status reports every 45 days (or at another appropriate interval acceptable to the Court) after entry of an order granting the stay in order to closely monitor its continued utility.

## III. Conclusion

For these reasons, the United States respectfully requests that the Court stay this case pending further development in the appeal of *Land of Lincoln*.

In the alternative, the United States requests an extension of 60 days, up to and including July 17, 2017, to respond the Complaint. The Liquidators have consented to an extension of 30 days, until June 19, 2017.

Dated: May 4, 2017	Respectfully submitted,

CHAD A. READLER
Principal Deputy Assistant Attorney General
Civil Division

RUTH A. HARVEY
Director
Commercial Litigation Branch

KIRK T. MANHARDT
Deputy Director

 /s/ Terrance A. Mebane
TERRANCE A. MEBANE
CHARLES E. CANTEr
FRANCES M. MCLAUGHLIN
L. MISHA PREHEIM
PHILLIP M. SELIGMAN
MARC S. SACKS
United States Department of Justice
Civil Division, Commercial Litigation Branch
Phone (202) 307-0493
Fax (202) 307-0494
Terrance.A.Mebane@usdoj.gov

*Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of May 2017, a copy of the foregoing, *The United States' Motion to Stay Proceedings, Or In The Alternative, For An Extension of Time*, was filed electronically with the Court's Electronic Case Filing (ECF) system. I understand that notice of this filing will be sent to all parties by operation of the Court's ECF system.

/s/ Terrance A. Mebane
TERRANCE A. MEBANE
United States Department of Justice