IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| Raymond G. Farmer, in his capacity as Liquidator of Consumers' Choice Health Insurance Company, and Michael J. FitzGibbons, in his capacity as Special Deputy Liquidator of Consumers' Choice Health Insurance Company, <br><br> Plaintiffs, <br><br> vs. <br><br> The United States of America, <br><br> Defendant. | No. 17-363C <br><br> Judge Campbell-Smith |

## PLAINTIFFS' RESPONSE TO THE GOVERNMENT'S MOTION TO STAY OR, ALTERNATIVELY, FOR AN ENLARGMENT OF TIME

Raymond G. Farmer and Michael J. FitzGibbons ("Plaintiffs")[1] respond to and oppose the United States of America's ("the Government") Motion to Stay Proceedings or, in the Alternative, for an Enlargement of Time. (*See* ECF No. 5.) The Government argues that because the issues in this case "mirror" the issues in a number of prior-filed cases, this case should be indefinitely stayed to conserve resources pending the resolution of the prior-filed cases. As explained below, however, the conservation of resources is not a sufficient basis upon which to indefinitely stay a case and to deny a party a prompt resolution of its grievances. For this reason, in every other case raising similar legal issues in which the Government's motion for a stay was opposed by the plaintiff, the stay has been denied. This Court should likewise deny the Government's Motion.[2]

---

[1] Mr. Farmer is the Director of the South Carolina Department of Insurance and is the Liquidator of Consumers' Choice Health Insurance Company ("Consumers' Choice") appointed by the Richland County Court of Common Pleas in the pending insolvency proceeding (Civil Action No. 2016-CP-40-00034). Mr. FitzGibbons is the Special Deputy Liquidator of Consumers' Choice appointed by the Richland County Court of Common Pleas.

[2] Prior to the expiration of the May 18, 2017 deadline to file an Answer, this Court granted the

# ARGUMENT

A court's discretion to manage its docket is bounded by due regard for a plaintiff's interests in obtaining justice for its cause. *See Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) (concluding a district court abused its discretion in granting a stay); *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (stating the discretion to stay "is not . . . without bounds") (citing *Hendler v. United States*, 952 F.2d 1364, 1380 (Fed. Cir. 1991)); *Nat'l Food & Bev. Co. v. United States*, 96 Fed. Cl. 258, 263 (2010) (noting the discretion to stay "is not unbounded").

This Court's determination of whether to stay a case is guided by a tripartite test established by the Federal Circuit: (1) the trial court must first identify a pressing need for the stay; (2) the court must then balance interests favoring a stay against interests frustrated by the action; and (3) the court's balancing analysis must be mindful of the overarching and paramount obligation to exercise jurisdiction timely in cases properly before the court. *Cherokee Nation of Okla*, 124 F.3d at 1416; *see also Commonwealth Edison Co. v. United States*, 46 Fed. Cl. 29, 34 (2000), *aff'd*, 271 F.3d 1327 (Fed. Cir. 2001) (same); *Freeman v. United States*, 83 Fed. Cl. 530, 533 (2008) (same).

Under this formula, the proponent of a stay bears the burden of establishing that the stay is necessary. *Clinton*, 520 U.S. at 708; *St. Bernard Par. Gov't v. United States*, 99 Fed. Cl. 765, 771 (2011). When the requested stay is indefinite, the movant must establish the first two of the three factors listed above, namely a "pressing need" for the stay and that the interests favoring a stay outweigh the opposing party's interests. *Cherokee Nation*, 124 F.3d at 1416 (discussing the

---

Government a 30-day extension of time based on the Government's representation in its Motion that Plaintiffs did not object to an extension of that length. (*See* ECF No. 6.) The Court deferred its consideration of the Government's request for a stay or, alternatively, for a *60*-day extension of time until briefing on the motion was completed. (*Id.*)

Government's request for an indefinite stay to await the resolution of other lawsuits whose outcomes would allegedly affect the Cherokee Nation's claims in the Court of Federal Claims).

To satisfy the initial burden of demonstrating a pressing need, the Government "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which [the Government] prays will work damage to someone else." *Landis v. N. Am. Co.*, 299 U.S. 248, 256 (1936). It is an abuse of discretion for a trial court to issue a stay of indefinite duration "in the absence of a pressing need." *Id.*; *see Clinchfield Coal Co. v. United States*, 102 Fed. Cl. 592, 596 (2011) ("Stays of indefinite duration require a showing of a pressing need.").

Here, the Government has not and cannot meet this burden. The sole basis asserted by the Government in support of a stay is its hope to conserve the Court's and the parties' resources. *See* Gov.'s Mot. at 4–5 (ECF No. 5). But "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255. Furthermore, the conservation of resources is not a "pressing need" for a stay that outweighs Consumers' Choice's interest in litigating this case. Even if the issues in Consumers' Choice's lawsuit are similar to those raised in, for example, the *Land of Lincoln* suit that is on appeal to the Federal Circuit, a central function of the appellate courts is to consider the different viewpoints of the lower courts. "It logically follows that lower courts must be free to consider similar facts and reach independent conclusions—otherwise, there would be no need for an appellate court to harmonize the law within a circuit." *See* Opinion and Order Denying Defendant's Motion to Stay, *Moda Health Plan, Inc. v. United States*, No. 16-649 (Fed. Cl. Nov. 28, 2016) (Wheeler, J.), ECF No. 12 at 2.

Further, Plaintiffs are entitled to the counsel of their choice and to develop their arguments as they deem fit. Consumers' Choice, no less than any other plaintiff, is entitled to be heard, regardless of whether other plaintiffs with similar claims filed their complaints earlier in time. In a similar case concerning risk corridors, Judge Merow denied the Government's motion to stay and addressed this point specifically:

> The existence of separate, active cases that will at some point in the future have outcomes that are potentially relevant for the issues raised by plaintiff in this case simply does not militate in favor of a stay. Such simultaneous litigation is common not only within circuits around the country, but also on the various dockets at this court.

Opinion and Order Denying Defendant's Motion to Stay, *Maine Cmty. Health Options v. United States*, No. 16-967 (Fed. Cl. Dec. 2, 2016) (Merow, J.), ECF No. 16 at 2. That sentiment is applicable in this case. The mere fact that resolution of other actions *could* provide guidance that *could* affect the resolution based on assertions of what *could* happen in related actions does not meet the "pressing need" standard.

Moreover, the balancing of the parties' interests also weigh against granting a stay, because Consumers' Choice's interests would be unduly frustrated by a stay. *See Landis*, 299 U.S. at 255 (stating a stay would not be appropriate where there is "a fair possibility that the stay . . . will work damage" to the non-moving party); *Cherokee Nation*, 124 F.3d at 1416. Consumers' Choice filed this lawsuit and opposes a delay of this case because of the Government's decision not to timely make required risk corridors payments and the potential that Consumers' Choice will not receive the payments it is entitled to by law. Additionally, without the Government's promised funds, Consumers' Choice's premium structure was not sufficient to support its ongoing operation. The delay in payments forced Consumers' Choice to exit the marketplace and will further delay the

winding up of Consumers' Choice's affairs. Plaintiffs' good-faith desire for a decision on the merits as soon as practicable eclipses whatever limited conservation of resources might be obtained by a stay.

The third part of the formula also favors denial of the Government's Motion because the Court has a "paramount obligation to exercise jurisdiction timely in cases properly before it." *Cherokee Nation*, 124 F.3d at 1416. Indeed, in every risk corridors case in which the Government has moved for a stay and the plaintiff opposed the motion, the request has been denied. *See* Opinion and Order Denying Defendant's Motion to Stay, *Moda Health Plan, Inc. v. United States*, No. 16-649 (Fed. Cl. Nov. 28, 2016) (Wheeler, J.), ECF No. 12; Order, *Maine Cmty. Health Options v. United States*, No. 16-967 (Fed. Cl. Dec. 2, 2016) (Merow, J.), ECF No. 16; Order, *Montana Health CO-OP v. United States,* No. 16-1427 (Fed. Cl. Dec. 14, 2016) (Wolski, J.), ECF No. 16; Order, *HPHC Insurance Co. v. United States*, No. 17-00087 (Fed. Cl. Feb. 21, 2017) (Griggsby, J.), ECF No. 8. The same result should obtain here. As articulated in *Landis* and recognized by Judge Merow in *Maine Community Health Options*, a plaintiff should be free to pursue its legitimate complaints, and not have its rights or obligations determined by the fate of parties in other cases.

The foregoing reasoning similarly militates against the Government's request for yet another 30 days (for a total 60-day enlargement of time) to file its Answer. First, the Government has identified no particular need—much less a pressing one—for an additional extension of time. Rather, the Government admits the claims in this suit "mirror" the claims in prior-filed suits in which the Government has already filed an Answer. Second, the further delay that will be caused by an additional enlargement of time frustrates Plaintiffs' interest in an expeditious resolution of this matter and an efficient winding down of Consumers' Choice's affairs. Finally, the further

5

delay of progress in this suit impinges on this Court's obligation to timely exercise its jurisdiction. Accordingly, Plaintiffs opposed any extension of time beyond the 30-day extension to which they consented and which this Court has already granted.

## **CONCLUSION**

The Government has not and cannot demonstrate a pressing need for a stay. Further, granting a stay frustrates Plaintiffs' interests and impedes this Court's obligation to timely exercise jurisdiction in this case. For the foregoing reasons, Plaintiffs respectfully request this Court deny the Government's Motion to Stay Proceedings or, in the Alternative, for an Enlargement of Time.

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: s/ C. Mitchell Brown
    C. Mitchell Brown
    *Counsel of Record*
    E-Mail: mitch.brown@nelsonmullins.com
    Thad H. Westbrook*
    E-Mail: thad.westbrook@nelsonmullins.com
    Miles E. Coleman*
    E-Mail: miles.coleman@nelsonmullins.com
    1320 Main Street / 17th Floor
    Post Office Box 11070 (29211-1070)
    Columbia, SC 29201
    (803) 799-2000

*Of counsel*

Attorneys for Plaintiffs Raymond G. Farmer, in his capacity as Liquidator of Consumers' Choice Health Insurance Company, and Michael J. FitzGibbons, in his capacity as Special Deputy Liquidator of Consumers' Choice Health Insurance Company

# CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2017, a copy of *Plaintiffs' Response to the Government's Motion to Stay or, Alternatively, for an Enlargement of Time* was filed electronically with the Court's Electronic Case Filing ("ECF") system. I understand that notice of this filing will be sent to all parties by operation of the Court's ECF system.

 s/ C. Mitchell Brown
C. Mitchell Brown

Attorney for Plaintiffs Raymond G. Farmer, in his capacity as Liquidator of Consumers' Choice Health Insurance Company, and Michael J. FitzGibbons, in his capacity as Special Deputy Liquidator of Consumers' Choice Health Insurance Company