# In the United States Court of Federal Claims

No. 17-363C

(E-Filed June 7, 2017)

| | |
|---|---|
| RAYMOND G. FARMER, in his capacity as Liquidator of Consumers' Choice Health Insurance Company, and MICHAEL J. FITZGIBBONS, in his capacity as Special Deputy Liquidator of Consumers' Choice Health Insurance Company, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | Stay Proceedings; Pending Resolution of Related Appeal |

Mitchell Brown, Columbia, SC, for plaintiffs.

Terrance A. Mebane, Washington, DC, with whom were Chad A. Readler, Acting Assistant Attorney General, Ruth A. Harvey, Director, Kirk T. Manhardt, Deputy Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

OPINION

CAMPBELL-SMITH, Judge

Before the court is defendant's motion to stay proceedings, or in the alternative, for an enlargement of time to respond to plaintiffs' complaint. See ECF No. 5. For the following reasons, defendant's motion is **GRANTED**.

I.  Background

This case is one of twenty-three cases filed before the court in which plaintiffs seek the recovery of sums allegedly due for violation of the Patient Protection and Affordable Care Act (ACA), 42 U.S.C. § 18062 (2012), breach of contract, and takings.

See ECF No. 5 at 1-3 (listing all pending cases and discussing the relevant procedural postures). Here, plaintiffs allege entitlement to approximately $92 million in so-called Risk Corridor Payments, mandated by Section 1342(b)(1) of the ACA. See ECF No. 1 at 29.

Two of the pending cases are currently before the United States Court of Appeals for the Federal Circuit: Land of Lincoln Mutual Health Insurance Co., Case No. 16-744, Federal Circuit Case No. 17-1224; and Moda Health Plan, Inc. v. United States, Case No. 16-649, Federal Circuit Case No. 17-1994. Defendant's reply brief states that on May 30, 2017, the Federal Circuit issued an order stating that Land of Lincoln and Moda Health "are considered companion cases and will be assigned to the same merits panel." ECF No. 8 at 1 (quoting Land of Lincoln, Case No. 17-1224, ECF No. 140). The parties to the Land of Lincoln case have fully briefed the issues on appeal, and the parties to the Moda Health case, are in the process of doing so. See id.

Defendant now asks that the court stay the current matter pending the resolution of the Land of Lincoln and Moda Health appeals, reasoning that a stay will preserve the resources of the court and the parties because the issues before the Federal Circuit will be directly relevant to the ultimate merits determination here. See ECF No. 5 at 4-5.

II.     Legal Standards

While not "without bounds," the court's discretion to stay its proceedings is broad and well-established. See Cherokee Nation of Oklahoma v. United States, 124 F.3d 1413, 1416 (Fed. Cir. 1997) ("The power of a federal trial court to stay its proceedings, even for an indefinite period of time, is beyond question.") (citing Landis v. North Am. Co., 299 U.S. 248, 254-55 (1936) and Hendler v. United States, 952 F.2d 1364, 1380 (Fed. Cir. 1991)).

Nevertheless "[a] stay so extensive that it is 'immoderate or indefinite' may be an abuse of discretion." Id. (citations omitted). The Supreme Court of the United States has explained that a "stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description." Landis, 299 U.S. at 257. A court may only properly exercise its discretion to grant an indefinite stay if there is a pressing need for such action. Id. at 255. In such a case, the court must "weigh competing interests and maintain an even balance." Id. (citing Kansas City Southern Ry. Co. v. United States, 181 U.S. 760, 763 (1939).

III.    Analysis

Defendant argues that a stay is appropriate in this case to preserve resources in light of the directly relevant cases presently before the Federal Circuit. See ECF No. 5 at

2

4-5. Plaintiffs do not dispute the relevance of the cases on appeal, but rather argue that defendant's request amounts to an indefinite stay, and claim that defendant has not demonstrated a pressing need for such a drastic step. See ECF No. 7 at 1.

As an initial matter, the court disagrees with plaintiffs' characterization of defendant's stay request as indefinite in nature. The end point of the stay can be specifically defined as the date on which the Federal Circuit issues its decisions in the Land of Lincoln and Moda Health cases, which have been submitted for common review. The fact that the court cannot predict the exact date on which the Federal Circuit will issue its opinions does not mean the term of the stay is undefined.

The court, then, need not identify the "pressing need" urged by plaintiffs, and may exercise its discretion to stay these proceedings so long as the stay is "so framed in its inception that its force will be spent within reasonable limits." Landis, 299 U.S. at 257. Given the advanced stage of the Land of Lincoln and Moda Health cases, the court finds that a stay pending the outcome of these matters will be of reasonable length, and therefore not "immoderate." See Landis, 299 U.S. at 257; see also Cherokee Nation, 124 F.3d at 1416. Moreover, given the symmetry of issues involved, the court agrees with defendant that a stay will serve the valuable purpose of preserving the resources of both the parties and the court. These cases will proceed more efficiently and more productively with the forthcoming guidance from the Federal Circuit.

IV. Conclusion

For the foregoing reasons, defendant's motion to stay these proceedings pending the outcome of the Land of Lincoln and Moda Health cases now before the Federal Circuit is, hereby, **GRANTED**. See ECF No. 5. The clerk's office is directed to **STAY** this matter until further order of the court. The parties are directed to file a joint status report informing the court of the Federal Circuit's decisions, and proposing an agreed upon schedule for proceeding in this case within **14 days** of publication thereof.

IT IS SO ORDERED.

s/ Patricia E. Campbell-Smith
PATRICIA E. CAMPBELL-SMITH
Judge